IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SMALL SPONSORS WORKING GROUP,<br><br>      Plaintiff,<br><br>v.<br><br>MIKE POMPEO, Secretary of State of the United States; MARIE ROYCE, Assistant Secretary of State, Bureau of Educational and Cultural Affairs; KEVIN SABA, Acting Deputy Assistant Secretary of State for Private Sector Exchange, Bureau of Educational and Cultural Affairs; and The UNITED STATES DEPARTMENT OF STATE,<br><br>      Defendants. | Case No. 1:19-2600-STA-jay |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Small Sponsors Working Group filed this action seeking the entry of a preliminary injunction requiring Defendants to retract and/or restrain Defendants and those acting in concert with them from enforcing the terms of certain "Letters of Concern" that Defendants and their agents issued to Plaintiff's members and other similarly situated small-business sponsors on or about August 12-13, 2019.[1] On May 20, 2020, the Court denied Plaintiff's motion for a preliminary injunction because Plaintiff had not met the requirements for injunctive relief. (ECF No. 23.) In that order, the Court noted that Defendants' motion to dismiss (ECF No. 19) remained

---

[1] The "Letters of Concern" required Plaintiff's members and the other entities that received such letters to, among other things, conduct site visits to specified host employers and to conduct training sessions during such on-site visits within ninety days of the receipt of the letters and to file a report with the Office of Private Sector Exchange Administration within four months of the receipt of the letters.

pending and that the Court had granted Plaintiff's unopposed motion for leave to file an amended complaint twenty-one days after the ruling on the motion for preliminary injunction and twenty-eight days after the ruling to file a response to the motion to dismiss. (ECF No. 21.) After the denial of the motion for a preliminary injunction, the Court granted Plaintiff's second motion for extension of time. (ECF No. 25.) Plaintiff was given until July 1, 2020, to file an amended complaint and July 8, 2020. Those dates have passed, and Plaintiff has neither filed an amended complaint nor a response to Defendants' motion to dismiss. For the reasons set forth below and in the order denying the motion for preliminary injunction (ECF No. 23), Defendants' motion is **GRANTED**.

A motion to dismiss under Rule 12(b)(1) can challenge the legal sufficiency of the Complaint's allegations, when taken as true, and it can also "challenge[] the factual existence of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014). When a motion to dismiss makes such a factual attack, "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence" in deciding whether jurisdiction has been established. *Id.* In the present case, Defendants contend, *inter alia*, that (1) Plaintiff lacks standing to file this lawsuit; (2) Plaintiff's claims are not ripe for judicial review because Plaintiff failed to exhaust its administrative remedies and the Letters of Concern were not "final agency action;" and (3) Plaintiff has not stated a claim for violations of its procedural due process rights.

In the order denying Plaintiff's motion for a preliminary injunction, the Court found that Plaintiff had failed to establish the requirements for associational standing. That is, Plaintiff had presented no facts showing that it has standing to bring this suit on behalf of its members. *See Harrison v. Spencer*, 2020 WL 1493557 at *7 (E.D. Va. Mar. 27, 2020) (noting that "institutional

standing has frequently been recognized as a fact-intensive inquiry" (citing Wright & Miller, *13A Fed. Prac. & Proc. Juris.* § 3531.9.5 (3d ed.))). Additionally, Plaintiff did not show that it was challenging any final agency action. Judicial review is available under the Administrative Procedures Act only with respect to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Accordingly, a plaintiff fails to state a claim unless it can show that its "injury stems from a final agency action." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 495 (6th Cir. 2014). The Court found that the Letters of Concern were not the consummation of the Department's decisionmaking process. Thus, the agency action challenged in this proceeding was not "final" under the APA.

The Court also found that Plaintiff had not shown that its claims were "ripe for judicial review." *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992).

Because Plaintiff has not amended its complaint to cure these deficiencies and has not presented any new facts or law in a response to the motion to dismiss, the Court will grant Defendants' motion, and judgment will be entered against Plaintiff and in favor of Defendants.

IT IS SO ORDERED.

                                                        s/ S. Thomas Anderson
                                                        S. THOMAS ANDERSON
                                                        CHIEF UNITED STATES DISTRICT JUDGE

                                                        Date:  July 9, 2020